1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CARLOS ALEXANDRE VIANA GROSSI,)   NO. CV 23-8785-FMO(E)
                                  )
12              Petitioner,       )
                                  )
13         v.                     )   ORDER DISMISSING PETITION
                                  )
14  CURRENT OR ACTING FIELD OFFICE)   WITHOUT PREJUDICE
    DIRECTOR, LOS ANGELES FIELD   )
15  OFFICE, US IMMIGRATION AND    )
    CUSTOMS ENFORCEMENT, ET AL.,  )
16                                )
                Respondents.      )
17  _____)

18

19                          **PROCEEDINGS**

20

21       On October 16, 2023, Petitioner filed a "Petition for Writ of

22  *Habeas Corpus* by a Person in Federal Custody; Exhibits (28 U.S.C. §

23  2241)" ("the Petition").  On November 15, 2023, Respondents filed the

24  "Government's Motion to Dismiss Petition, etc." ("Motion to Dismiss").

25  On January 18, 2024, Petitioner filed "Opposition to Government's

26  Motion to Dismiss."

27  ///

28  ///

1                               **BACKGROUND**

2

3       In 2019, federal authorities arrested Petitioner, a Brazilian

4  citizen, at the Los Angeles International Airport as Petitioner was

5  traveling from London to Australia (Petition, p. 2; Declaration of

6  Paul Villagran, filed November 15, 2023).[1]  Following a jury trial in

7  federal court, Petitioner was convicted of a felony drug crime and

8  sentenced to a prison term.  See United States v. Grossi, CR 19-302-

9  FMO.

10

11      Meanwhile, Petitioner sought asylum and withholding of removal

12 (Petition, pp. 6-10; Declaration of Paul Villagran).  In August of

13 2023, after Petitioner had been transferred from the custody of the

14 Bureau of Prisons into the custody of the U.S. Immigrations and

15 Customs Enforcement ("ICE"), an asylum officer conducted an interview

16 of Petitioner (Petition, pp. 8-10; Declaration of Paul Villagran).

17 The asylum officer found no "credible fear" of prosecution or torture,

18 thereby denying asylum and ordering Petitioner's exclusion and removal

19 (Petition, p. 10; Declaration of Paul Villagran).  In a "final order,"

20 an immigration judge affirmed (Petition, p. 10; Exhibit G to

21 Declaration of Paul Villagran; "Opposition, etc.," filed January 18,

22 2024).  In November of 2023, Petitioner was removed to Brazil, where

23 he currently resides ("Opposition, etc.," filed January 18, 2024).

24

25      Prior to this removal, while Petitioner was still in ICE

26 detention, Petitioner filed the Petition.  Construed liberally, the

27 _____

28      [1]    Petitioner states he then was "traveling outside of
   Brazil for the first time in his life" (Petition, p. 2).

Petition may seek to challenge the validity of: (1) Petitioner's ICE
detention; (2) Petitioner's conviction; and/or (3) Petitioner's
exclusion and removal.

**DISCUSSION**

For the reasons discussed herein, the Petition is dismissed
without prejudice. Petitioner's challenges to his former ICE
detention are moot, and this Court lacks section 2241 jurisdiction
over Petitioner's challenges to his conviction, his exclusion and his
removal.

Petitioner's multiple challenges to Petitioner's former ICE
detention are moot. A federal court's jurisdiction is limited to
cases or controversies. U.S. Const. art. III, § 2; see also Iron
Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983). "[A] federal
court has no authority to give opinions upon moot questions or
abstract propositions, or to declare principles or rules of law which
cannot affect the matter in issue in the case before it." Church of
Scientology of Calif. v. United States, 506 U.S. 9, 12 (1992)
(citations and quotations omitted). The "case and controversy"
requirement demands that the parties continue to have a personal stake
in the outcome of a federal lawsuit through all stages of the judicial
proceeding. Spencer v. Kemna, 523 U.S. 1, 7 (1998). "This means
that, throughout the litigation, the [party seeking relief] must have
suffered, or be threatened with, an actual injury traceable to the
defendant and likely to be redressed by a favorable judicial
decision." Id. (citation and quotations omitted). Petitioner no

1  longer is in ICE detention.  Thus, the Petition's multiple challenges
2  to the legality of that detention, (including the Petition's request
3  for an "intensive supervision" alternative to detention), no longer
4  present a live controversy.  See United States v. Geophysical Corp.,
5  732 F.2d 693, 698 (9th Cir. 1984) ("A claim is moot if it has lost its
6  character as a present, live controversy."); see also Machuca-Tellez
7  v. Holder, 388 Fed. App'x 609, 610 (9th Cir. 2010) (section 2241
8  petition challenging immigration detention mooted by petitioner's
9  removal from the United States); Carpio v. Dep't of Homeland Sec.,
10 2020 WL 7418966, at *1 (C.D. Cal. Mar. 13, 2020) (same).

11

12     Petitioner's multiple challenges to the validity of his
13 conviction cannot properly be brought under 28 U.S.C. section 2241.  A
14 federal prisoner who contends that his or her conviction or sentence
15 is subject to collateral attack "may move the court which imposed the
16 sentence to vacate, set aside or correct the sentence."  28 U.S.C. §
17 2255.  A prisoner generally may not substitute a habeas petition under
18 28 U.S.C. section 2241 for a section 2255 motion.  See 28 U.S.C. §
19 2255; see also Stephens v. Herrera, 464 F.3d 895, 897-99 (9th Cir.
20 2006), cert. denied, 549 U.S. 1313 (2007); Hernandez v. Campbell, 204
21 F.3d 861, 864 (9th Cir. 2000).

22

23     An application for a writ of habeas corpus in behalf of a
24     prisoner who is authorized to apply for relief by motion
25     pursuant to this section, shall not be entertained if it
26     appears that the applicant has failed to apply for relief,
27     by motion, to the court which sentenced him, or that such
28     court has denied him relief, unless it also appears that the

4

1     remedy by motion is inadequate or ineffective to test the

2     legality of his detention.

3

4 28 U.S.C. § 2255(e); see Stephens v. Herrera, 464 F.3d at 897-99;

5 Hernandez v. Campbell, 204 F.3d at 864.

6

7     In the present case, Petitioner has failed to show that a section

8 2255 motion would be "inadequate or ineffective" within the meaning of

9 section 2255's "saving clause." See Jones v. Hendrix, 599 U.S. 465,

10 477-78 (2023) (narrowly construing section 2255's "saving clause";

11 even a petitioner's alleged innocence does not constitute an exception

12 to the exclusivity of section 2255). Moreover, the United States

13 Court of Appeals for the Ninth Circuit recently determined that

14 Petitioner failed to show that his section 2255 remedy was "inadequate

15 or ineffective." See Grossi v. United States, Ninth Circuit Case No.

16 23-55598, Dkt. 30, filed December 15, 2023. Therefore, as Petitioner

17 repeatedly has been advised, he may not properly challenge his

18 conviction under 28 U.S.C. section 2241. See id.; Grossi v. United

19 States, CV 23-3405-FMO, Dkt. 7, filed June 20, 2023.

20

21     Petitioner's multiple challenges to the validity of Petitioner's

22 exclusion and removal also cannot properly be brought in district

23 court under 28 U.S.C. section 2241. The REAL ID Act of 2005 ("the

24 Act"), signed into law May 11, 2005, generally provides that "a

25 petition for review filed with an appropriate court of appeals . . .

26 shall be the sole and exclusive means for judicial review of an order

27 of removal. . . ." 8 U.S.C. § 1252(a)(5) (as amended by section

28 106(a) of the Act). The Act "eliminated district court habeas

jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals."  Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006) (citation omitted); accord Paz v. California, 2019 WL 1581418, at *4 (C.D. Cal. Feb. 11, 2019).  Thus, the Act "makes the circuit courts the 'sole' judicial body able to review challenges to final orders of deportation, exclusion, or removal."  Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005); 8 U.S.C. § 1252(a).  Therefore, to the extent the present Petition challenges a final order of exclusion and/or removal, this Court lacks jurisdiction over the Petition.  Dismissal without prejudice is appropriate.  See Iasu v. Smith, 511 F.3d 881, 888-89 (9th Cir. 2007) (transfer to the Ninth Circuit of a habeas petition filed after May 11, 2005 is not an option).[2]

///

///

///

///

///

///

///

///

///

///

---

[2]      In arguing that the Court should not dismiss the Petition, Petitioner cites Zegarra-Gomez v. I.N.S., 314 F.3d 1124 (9th Cir. 2003).  However, as recognized in Rios-Bamac v. Lynch, 2019 WL 13214051, at *5 n.4 (D. Colo. Nov. 20, 2019), the Act has superseded the holding of Zegarra-Gomez with respect to the jurisdictional issue discussed herein.

**ORDER**

For all of the foregoing reasons,[3] IT IS ORDERED that the Petition is dismissed without prejudice.[4]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 24, 2024.

_____/S/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented this 24th day of
January, 2024, by:

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3]    The Court need not and does not consider any of the other bases for dismissal urged in the Motion to Dismiss.

[4]    Because of the fundamental, jurisdictional nature of the defects in the Petition, amendment of the Petition would be futile.